AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Middle District of Louisiana

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

SAMSUNG GSM, SM-N960U GALAXY NOTE 9, IMEI: 358620091980618, CURRENTLY LOCATED AT 18134 EAST PETROLEUM DRIVE, BATON ROUGE, LA 70809

Case No. 19- MJ-131

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment "A".

located in the ___Middle___ District of ___Louisiana___, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment "B".

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C § 2251 | Sexual exploitation of children |
| 18 U.S.C § 2252(A) | Certain activities relating to material constituting or containing child pornography |
| 18 U.S.C § 242 | Deprivation of rights under color of law |

The application is based on these facts:

See attached.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

GLENN J. METHVIN JR   SPECIAL AGENT
Printed name and title

Sworn to before me and signed in my presence.

Date: 11/25/2019

_____
Judge's signature

City and state: Baton Rouge, Louisiana

Magistrate Judge Richard L. Bourgeois, Jr.
Printed name and title

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF SAMSUNG GSM, SM-N960U GALAXY NOTE 9, IMEI: 358620091980618, CURRENTLY LOCATED AT 18134 EAST PETROLEUM DRIVE, BATON ROUGE, LOUISIANA 70809 | Misc. No. 19-MJ-131 |

**AFFIDAVIT IN SUPPORT OF AN
APPLICATION FOR A SEARCH WARRANT**

I, GLENN J. METHVIN JR., being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

1. I make this affidavit in support of an application for a search warrant authorizing the examination of property—an electronic device—which is currently in the possession of the Federal Bureau of Investigation (FBI), and the extraction from that property of electronically stored information, as described in Attachment B.

2. I am a Special Agent with the FBI, and have been since August of 1996. I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18 of the United States Code. Throughout my law enforcement career, I have participated in investigations of wire and mail fraud, health care fraud, investment fraud, public corruption, narcotics distribution, civil rights, and violent crimes, including sexual assaults, kidnappings, and serial murders. I am familiar with, and have employed, the investigative techniques used in these investigations, such as the use of cooperating witnesses, confidential informants, analysis of telephone records, forensic laboratory examinations, search warrants, consensual recordings, interviews, grand jury investigations, and Title III court authorized wire interceptions. As an agent, I am authorized to seek and execute arrest and search warrants.

Throughout my career, I have sought and obtained authorizations for arrest warrants, search warrants, and court-authorized wire intercepts.

3. The facts in this affidavit come from my personal knowledge and observations made during the course of this investigation, my training and experience, information conveyed to me by other law enforcement officers assigned to this investigation, and upon my review of records, documents, and items lawfully obtained by third parties. This affidavit is not intended to include each and every fact known to me or the other investigating agencies, nor does it reflect all the evidence developed during the course of this investigation. Instead, I have set forth only sufficient information to establish probable cause for the issuance of the requested search warrant.

4. Based on my training and experience and the facts as set forth in this affidavit, there is probable cause to believe that violations of 18 U.S.C. §§ 242, 2251(a), and 2252A(a)(2) have been committed by SHADERICK JONES and/or IYESHA TODD. There is also probable cause to search the electronic device described in Attachment A for evidence of these crimes further described in Attachment B.

## RELEVANT LAW

5. The FBI and Department of Homeland Security – Office of Investigations ("HSI") are jointly investigating a matter involving the production and distribution of child pornography, concerning possible violations of 18 U.S.C. §§ 2251(a) and 2252A(a)(2), among other statutes. This investigation also concerns a possible deprivation of rights under color of law, in violation of 18 U.S.C. § 242.

2

## IDENTIFICATION OF THE DEVICES TO BE EXAMINED

6.  The electronic device to be searched is (1) Samsung GSM, SM-N960U Galaxy Note 9, IMEI: 358620091980618, as described on Attachment A (hereinafter referred to as the **target telephone**.) The **target telephone** is currently located at 19134 E. Petroleum Drive, Baton Rouge, Louisiana 70809, within the custody of the FBI.

7.  The applied-for warrant would authorize the forensic examination of the devices for the purpose of identifying electronically stored data particularly described in Attachment B.

## PROBABLE CAUSE

8.  The FBI and HSI are investigating allegations that an Iberville Parish Sheriff's Office Deputy, SHADERICK JONES (hereinafter referred to as "JONES"), while on duty, used threats of imprisonment against IYESHA TODD (hereinafter referred to as "TODD") unless she performed a sex act upon her infant child and allowed him to record same, which she did.

9.  On June 7, 2019, Witness 1 reported to the St. Gabriel Police Department ("SGPD") that the day before, s/he had received an anonymous message on Facebook that contained a photo and video of TODD performing oral sex on TODD's one-year old child. Witness 1 provided the photo and video to the SGPD. Witness 1 is a godparent to the infant in the photo and video and positively identified TODD performing a sex act on the child.

10. In a follow-up interview, Witness 1 informed the FBI and HSI that s/he had in fact received the photo and video via a text message from Witness 2, but had reported it as an anonymous Facebook message because s/he was scared. Witness 1 stated that Witness 2 sent him/her a picture of a Facebook message string between JONES and TODD and a Facebook video showing TODD performing oral sex on TODD's 1 year old child.

3

11. The picture of the Facebook message string between TODD and JONES showed that TODD sent a video to JONES on three occasions, on June 6, 2019. The Facebook message string had a thumbnail photograph of the video being sent that was similar to the video of the video that Witness 2 sent Witness 1.

12. Witness 2 told the SGPD that s/he was told about the video by Witness 3, who lived with JONES and found the video on a tablet that belonged to JONES. Witness 2 said s/he made a copy of the video by using her own phone to film the tablet as it played the video and then sent the video to Witness 1, because Witness 3 was afraid to come forward. Witness 2 recognized TODD as the adult woman in the video.

13. An SGPD officer interviewed TODD on June 7, 2019. TODD informed the officer that on the previous day, she had been stopped by Louisiana State Police, so she had called her friend JONES, who was a deputy with the Iberville Sheriff's Office for assistance. According to TODD, JONES arrived at her house on the same day and brought a baby with him. JONES mentioned that TODD had a warrant in Iberville Parish and asked her to "wheel and deal." JONES told TODD that one of his fantasies was to have an adult give head to a baby. According to TODD, JONES threatened TODD with arrest if she did not do it, so she ultimately performed the act while JONES filmed it with his iPhone. TODD did not tell the SGPD officer that the infant in the video was her own child.

14. On June 7, 2019, the SGPD obtained arrest warrants for TODD and JONES in the 18th Judicial District, Iberville Parish, Louisiana, for various violations of the Louisiana Revised Statutes. TODD was charged with first degree rape and incest. JONES was charged with pornography involving juveniles, principal of first degree rape, and malfeasance in office. Both TODD and JONES were arrested and are currently incarcerated awaiting trial.

4

15. At the time of TODD's and JONES' arrest, the SGPD seized the **target telephone** from TODD and an LG mobile phone from JONES. The SGPD also requested to seize JONES' iPhone, but was informed by a juvenile witness that JONES had destroyed his iPhone earlier that day and thrown it away. The SGPD obtained search warrants for the cellar telephones they seized, and the Louisiana Attorney General's Office conducted a forensic examination of same.

16. On June 17, 2019, FBI and HSI agents interviewed SGPD Officer William Cushenberry. Officer Cushenberry lived across the street from TODD and had a home security system with cameras that filmed TODD's driveway. Cushenberry reviewed the footage from June 6, 2019, and observed an Iberville Sheriff's vehicle parked in TODD's driveway. Cushenberry witnessed TODD come to the vehicle, and JONES stand outside vehicle, but did not observe JONES entering TODD's residence during the duration of the video. The interviewing agents tried to obtain a copy of the video, but Cushenberry was not able to provide a copy.

17. The FBI obtained a copy of the forensic image of the **target telephone** from the Louisiana Attorney General's Office and analyzed the contents as to the events of June 6, 2019. This review revealed the following information:

   a. The **target telephone** has a "Derrick" listed as a contact, using telephone number (225) 281-9089.

   b. There are approximately seventy (70) contacts between the **target telephone** and (225) 281-9089, with approximately twenty (20) occurring on June 6, 2019.[1] The first call between them occurred on March 21, 2019.

---

[1] These contacts are attempted and/or completed telephone calls, and do not necessarily indicate communication occurred.

5

c. There are approximately 11,476 text message records on the **target telephone**. However, there are no records on the **target telephone** of text messages between the **target telephone** and (225) 281-9089.

d. The aforementioned contraband video is saved on the **target telephone**. Date and time stamps indicate it was created on or about 3:40 p.m. on June 6, 2019.

e. The creation of this video appears to have occurred after a 22 second telephone contact between the **target telephone** and (225) 281-9089, and before a six minute and 41 second telephone contact between the **target telephone** and (225) 281-9089.

f. In between these two contacts, the **target telephone** created seven (7) "cookies" related to yahoo.com. In addition, at the same time, the **target telephone** created one (1) "cookie" related to login.yahoo.com. Based on these "cookies", I believe the **target telephone** accessed or attempted to access a yahoo.com account. Additionally, since approximately only two minutes elapsed between the creation of the video and the creation of the "cookies", I believe it is possible they are related in subject matter.

g. An FBI CART Examiner was unable to determine from the copy of the forensic image of the **target telephone** whether or not the video was created *using the target telephone*, or sent to the **target telephone** from another source and saved thereon.

h. The copy of the forensic image of the **target telephone** does not offer any information relating to the Facebook message string provided by Witness 1, which showed TODD sending the video to JONES via Facebook.

18. On June 19, 2019, HSI obtained a search warrant from this Court for Facebook to provide records related to two Facebook accounts, which were identified as belonging to TODD and JONES. Facebook produced records in response to this search warrant, but these records also did not offer any information relating to the Facebook message string provided by Witness 1, which showed TODD sending the video to JONES via Facebook. These Facebook records did show, however, that the Facebook account of TODD was connected to the yahoo.com email address of MS_LEE_HIGH@YAHOO.COM. The use of the email of MS_LEE_HIGH@YAHOO.COM coincided with use of a Yahoo email client that was discovered on the **target telephone**, which was seized from TODD. It is believed that the aforementioned child pornography could have been shared via Yahoo.

19. On October 18, 2019, this Court issued an order to AT&T, pursuant to 18 U.S.C. 2703(d), for records related to (225) 281-9089. On October 24, 2019, AT&T provided the requested records. A review of these records revealed the following:

   a. The Wireless Subscriber Information document listed JONES's name under the headings of "Financial Liable Party", "Billing Party", and "User Information". In addition, the records indicate the owner has been a customer since October 11, 2014, and that (225) 281-9089 had been active since July 11, 2018. Based on this information, and the fact the **target telephone** has a contact named "Derrick" saved for this number, I believe (225) 281-9089 belonged to JONES during the period in question.[2]

---

[2] Although I do not know whether or not SHADERICK JONES goes by the nickname "Derrick", I believe it is possible he does so based on the fact SHADERICK contains the name "Derrick".

7

b. According to the SMS[3] records associated with (225) 281-9089, from May 31, 2019 through July 7, 2019, there were approximately 157 text messages between the **target telephone** and (225) 281-9089, with approximately 75 occurring on June 6, 2019. The content of these messages is currently unknown, because the records produced in response to the 2703(d) order were only records of sent or received messaged between the two numbers, not content.

20. Although the forensic image of the **target telephone** included no records of text messages between the **target telephone** and (225) 281-9089, AT&T's records for (225) 281-9089 show there were, in fact, approximately 157 text messages between the two phones, with almost half occurring on the day of the video. One possible explanation is that the text messages that should have been present on the copy of the forensic image of the **target telephone** were deleted.

21. After speaking with the Louisiana Attorney General's Office examiner who created the forensic image of the **target telephone** and an FBI CART Examiner, I learned there are other forensic retrieval techniques which may allow an examiner to retrieve and extract any deleted text messages on the **target telephone**.

22. As stated previously, this investigation concerns both the manufacture and distribution of child pornography and the deprivation of TODD's rights by JONES under color of law. TODD has alleged JONES threatened her with incarceration if she did not create the video containing child pornography. The investigation thus far has not yet uncovered communications between JONES and TODD which would reveal JONES' or TODD's motive or intent with respect to the video. In fact, the evidence suggests that TODD and JONES may have

---

[3] Based upon my experience, I know SMS records are, in fact, text message records.

8

destroyed evidence of their intent – that TODD deleted text messages from the **target telephone**, and that JONES destroyed a phone. Retrieval of the deleted text messages from the **target telephone** could provide evidence of TODD's and JONES' intent, specifically whether JONES, acting under color of law, deprived TODD of her rights in order to create the video.

23. Based on my training and experience I know that the **target telephone** is an electronic device that has the capability to serve as a wireless telephone, digital camera, portable media player, GPS navigation device, and PDA. As a wireless telephone, the **target telephone** can make a wide range of voice and data communications, including making phone calls, sending and receiving text and email messages, and accessing and downloading information from the internet. A wireless telephone also contains records and logs of each of these communications. In my training and experience, examining data stored on devices of this type can uncover, among other things, evidence that reveals or suggests who possessed or used the device.

## ELECTRONIC STORAGE AND FORENSIC ANALYSIS

24. Based on my knowledge, training, and experience, I know that an electronic device can store information for long periods of time. Similarly, things that have been viewed via the internet are typically stored for some period of time on the device. This information can sometimes be recovered with forensics tools.

25. Based on my training and experience I know that the **target telephone** is an electronic device that records and stores data in a manner similar to a computer. There is probable cause to believe that things that were once stored on the **target telephone** may still be stored there, for at least the following reasons:

a. Based on my knowledge, training, and experience, I know that electronic files or remnants of such files can be recovered after they have been downloaded onto a electronic device, storage medium, deleted, or viewed via the Internet. Even when files have been deleted, they can be recovered later using forensic tools. This is so because when a person "deletes" a file on an electronic device, the data contained in the file does not actually disappear; rather, that data remains on the storage medium until it is overwritten by new data.

b. Therefore, deleted files, or remnants of deleted files, may reside in free space or databases before they are overwritten. In addition, an electronic device's operating system may also keep a record of deleted data in a "swap" or "recovery" file.

c. Wholly apart from user-generated files, electronic device storage media—in particular, an electronic device's internal drives—contain electronic evidence of how a device has been used, what it has been used for, and who has used it. To give a few examples, this forensic evidence can take the form of operating system configurations, artifacts from operating system or application operation, and file system data structures. Electronic device users typically do not erase or delete this evidence, because special software is typically required for that task. However, it is technically possible to delete this information.

d. Similarly, files that have been viewed via the Internet are sometimes automatically downloaded into a temporary Internet directory or "cache."

26. *Forensic evidence.* As further described in Attachment B, this application seeks permission to locate not only electronically stored information that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the device were used, the purpose of its use, who used it, and when. There is probable cause to believe that this forensic electronic evidence might be on the **target telephone** because:

10

a. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords. Electronic device file systems can record information about the dates files were created and the sequence in which they were created.

b. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at a residence.

c. A person with appropriate familiarity with how an electronic device works may, after examining this forensic evidence in its proper context, be able to draw conclusions about how electronic devices were used, the purpose of their use, who used them, and when.

d. The process of identifying the exact electronically stored information on a storage medium that are necessary to draw an accurate conclusion is a dynamic process. Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on an electronic device is evidence may depend on other information stored on the electronic device and the application of knowledge about how the electronic device behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

e. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

27.  *Nature of examination.*  Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the device consistent with the warrant. The examination may require authorities to employ techniques, including but not limited to computer-assisted scans of the entire medium, that might expose many parts of the device to human inspection in order to determine whether it is evidence described by the warrant.

28.  *Manner of execution.*  Because this warrant seeks only permission to examine a device already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

## CONCLUSION

29.  I submit that this affidavit supports probable cause for a search warrant authorizing the examination of the **target telephone** described in Attachment A to seek the items described in Attachment B.

Respectfully submitted,

_____
Glenn J. Methvin, Jr.
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me
on November 25, 2019:

_____
UNITED STATES MAGISTRATE JUDGE
RICHARD L. BOURGEOIS, JR.

## **ATTACHMENT A**

The electronic device is currently located at 18134 East Petroleum Drive, Baton Rouge, Louisiana 70809, within the custody of the Federal Bureau of Investigation. The electronic device to be searched is one (1) Samsung GSM, SM-N960U Galaxy Note 9, IMEI: 358620091980618.

This warrant authorizes the forensic examination of the device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1.  All records on the **target telephone** described in Attachment A that relate to violations of 18 U.S.C. §§ 242, 2251(a), and 2252A(a)(2) have been committed by SHADERICK JONES and/or IYESHA TODD, including information pertaining to the following matters:

    a. Production, manufacture, distribution, or possession of child pornography.

    b. Communications between the **target telephone** and (225) 281-9089, "Derick," or JONES.

    c. Evidence related to deletions of data from the **target telephone**, including who, what, when, and how.

    d. Evidence of any co-conspirators involved in the crime under investigation.

    e. Evidence indicating the owner's state of mind as it relates to the crime under investigation.

2.  Evidence of user attribution showing who used or owned the **target telephone** at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

3.  Records of Internet activity, including Internet Protocol addresses used, firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.



AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
for the
Middle District of Louisiana

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )  Case No.  19- MJ-131
SAMSUNG GSM, SM-N960U GALAXY NOTE 9, )
IMEI: 358620091980618, )
CURRENTLY LOCATED AT 18134 EAST PETROLEUM DRIVE, )
BATON ROUGE, LOUISIANA 70809 )

## SEARCH AND SEIZURE WARRANT

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the      Middle      District of      Louisiana     
*(identify the person or describe the property to be searched and give its location)*:

SAMSUNG GSM, SM-N960U GALAXY NOTE 9, IMEI: 358620091980618, CURRENTLY LOCATED AT 18134 EAST PETROLEUM DRIVE, BATON ROUGE, LOUISIANA 70809, more particularly described in Attachment "A".

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before December 9, 2019 *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.     ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to      Honorable Richard L. Bourgeois, Jr.     .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for ___ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____.

Date and time issued:  11/25/19 at 3:30pm     _____
                                              *Judge's signature*

City and state:     Baton Rouge, LA            Honorable Richard L. Bourgeois, Jr., Magistrate Judge
                                              *Printed name and title*

## **ATTACHMENT A**

The electronic device is currently located at 18134 East Petroleum Drive, Baton Rouge, Louisiana 70809, within the custody of the Federal Bureau of Investigation. The electronic device to be searched is one (1) Samsung GSM, SM-N960U Galaxy Note 9, IMEI: 358620091980618.

This warrant authorizes the forensic examination of the device for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B

1. All records on the **target telephone** described in Attachment A that relate to violations of 18 U.S.C. §§ 242, 2251(a), and 2252A(a)(2) have been committed by SHADERICK JONES and/or IYESHA TODD, including information pertaining to the following matters:

    a. Production, manufacture, distribution, or possession of child pornography.

    b. Communications between the **target telephone** and (225) 281-9089, "Derick," or JONES.

    c. Evidence related to deletions of data from the **target telephone**, including who, what, when, and how.

    d. Evidence of any co-conspirators involved in the crime under investigation.

    e. Evidence indicating the owner's state of mind as it relates to the crime under investigation.

2. Evidence of user attribution showing who used or owned the **target telephone** at the time the things described in this warrant were created, edited, or deleted, such as logs, phonebooks, saved usernames and passwords, documents, and browsing history;

3. Records of Internet activity, including Internet Protocol addresses used, firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.

This warrant authorizes a review of electronic storage media and electronically stored information seized or copied pursuant to this warrant in order to locate evidence, fruits, and instrumentalities described in this warrant. The review of this electronic data may be conducted by any government personnel assisting in the investigation, who may include, in addition to law enforcement officers and agents, attorneys for the government, attorney support staff, and technical experts. Pursuant to this warrant, the FBI may deliver a complete copy of the seized or copied electronic data to the custody and control of attorneys for the government and their support staff for their independent review.